[Civ. No. 3651.    Second Appellate District, Division One.—March 13, 1922.]

## FRANKLIN W. ALLEN, etc., Appellant, v. LAUGH-LIN FRUIT REFINERS, INC. (a Corporation), Respondent.

[1] APPEAL—DEFECTS IN NOTICE—ACTS OF RESPONDENT—WAIVER OF DEFECTS.—An appeal will not be dismissed for alleged defects contained in the notice of appeal where the respondent obtains stipulations and orders extending the time for filing its brief, unaccompanied by any reservation, since such acts constitute a complete appearance, and acknowledgment of the pendency of the appeal.

[2] CONTRACT—COPY OF PERISHABLE FREIGHT INVESTIGATION REPORT—CORRESPONDENCE BETWEEN REPORTER OF INTERSTATE COMMERCE COMMISSION AND SHIPPER—RIGHT OF CANCELLATION OF CONTRACT.—A letter written by the official reporter of the Interstate Commerce Commission to a shipper of perishable freight expressing a willingness to accept an order for a copy of the perishable freight investigation report, "subject to cancellation at any time as to reports of subsequent hearings," and the reply of the shipper placing the order subject to cancellation at any time, constituted the contract under the terms of which the plaintiff was entitled to compensation at the agreed rate for such service as was rendered prior to the receipt in due course of the order of cancellation, and the shipper had not the right thereunder to refuse to accept the first delivery.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Charles Wellborn, Judge.    Reversed.

The facts are stated in the opinion of the court.

Adams, Adams & Binford for Appellant.

Dana Ong for Respondent.

CONREY, P. J.—At all times mentioned in the complaint the plaintiff was the official reporter for the Interstate Commerce Commission.    Commencing on July 7, 1919,

---

2.    Time when contract consisting of letters or telegrams showing offer and unconditional acceptance is complete, note, **6 Ann. Cas.** 378.

the commission conducted hearings in several cities of the United States relating to increases in charges and changes in rules and regulations proposed in perishable protective tariff No. 1, compiled by the United States railroad administration. On July 3, 1919, the plaintiff at New York wrote a letter to the defendant at Los Angeles, stating that these hearings were to be held, and then making the following offer: "As these increases and changes are of the utmost importance and shippers of perishable freight must follow the hearings carefully in order to protect their interests, we should be advised at once if you want copies of the official reports, which will be furnished at 12½ cents per page, the charge authorized and approved by the Commission, so that we may make enough copies to supply you." On July 12th the defendant replied as follows: "In answer to your letter of July 3 regarding Perishable Protective Tariff No. 1, we desire to place our order for same at 12½c per page, provided there are not too many pages. Will you kindly advise us about how many pages are contained in the article?" On July 17th the plaintiff replied: "Replying to your letter of July 12, 1919, we cannot tell how long each hearing in Docket No. 10664, Perishable Freight Investigation, will last, or how many pages there will be in the report, but we will gladly accept your order subject to cancellation at any time as to reports of subsequent hearings, so that you can control your expenditure, if the length of the hearings makes the cost of the complete report more than your interest warrants." On July 23d the defendant replied: "Yours of the 17th at hand. Regarding Perishable Freight Investigation, Docket No. 10664, we hereby place an order for the report subject to cancellation at any time." On July 28th the plaintiff replied: "Please accept our thanks for your order of July 23, for the reports of the hearings in Docket No. 10664, Perishable Freight Investigation, which will have our careful attention." On the twenty-seventh day of August the plaintiff shipped to the defendant a package containing an installment of the report of the evidence received by the commission in said matter. This was received by the defendant on the ninth day of September. Thereupon, on the same day, the defendant, by its manager, opened the package to see what it

was, and immediately closed it up and sent it back to the plaintiff. At the same time he sent a letter on behalf of the defendant to the plaintiff as follows: "Referring to your letter of July 7th, we are today returning Docket No. 10664,—Perishable Freight Investigation, as the cost of the report is more than our interest warrants. The writer expected to hear from you before shipping the report stating the number of pages it contained, the subject of our letter of July 12th." On September 15th the plaintiff replied to the letter of September 9th as follows: "Replying to your letter of September 9, we regret that we cannot accept the return for credit of the copy of the official report in Docket No. 10664, which was furnished on your order, because our charge to you is for the services of our employees in making the copy for you and, as we cannot return that labor to them and get credit for it, we cannot comply with your request. We note the cancellation of your order effective at the end of the hearing of September 13, a copy of the report having been completed for you up to that date."

This is an action to recover compensation at the agreed rate for that part of the report which was delivered or tendered for delivery, up to and including September 13, 1919. Judgment was entered in favor of the defendant and the plaintiff appeals therefrom.

[1] Preliminary to his argument on the merits, counsel for respondent claims that the appeal should be dismissed on the ground that the purported notice of appeal contained certain defects which rendered it ineffective as a notice of appeal. We deem it unnecessary to discuss these objections to the notice of appeal. After the notice had been given, and after the transcript had been filed, respondent obtained two successive orders extending his time for filing a brief in response to the brief for appellant. These orders were based upon stipulations obtained by counsel for respondent from counsel for appellant. The obtaining of these stipulations and orders, unaccompanied by any reservation, constituted a complete appearance and acknowledgment of the pendency of the appeal. Thereafter, upon due notice, a formal motion to dismiss the appeal was presented to the court (in division two, where the case was then pending), and denied. The renewal of

the motion is made by leave of court, but in our opinion it is without merit.

[2]   The court in its findings, without referring at all to the letters preceding July 23d, all of which were set out in the complaint, found the facts to be as follows: "That on the 23d day of July, 1919, the defendant placed an order with plaintiff for a copy of the perishable freight investigation report, docket No. 10664, subject to cancellation; that plaintiff accepted this order and its terms and conditions; that on the 9th day of September, 1919, defendant cancelled the said order."

It appears, therefore, that the contract was held to have been made completely by defendant's letter of July 23d and plaintiff's acceptance thereof, without regard to the preceding correspondence, and was construed to be an order subject to cancellation at the time and in the manner hereinbefore stated. In this we think that the court erred. The contract was for a service to be rendered. The right of cancellation as reserved in the letter of July 23d was a right reserved entitling the defendant to cut off the service at any time without being required to accept a further service concerning transcript to be made at any time after cancellation of the order. Viewed in this light, we perceive no conflict between the terms of plaintiff's letter of July 17th and defendant's letter of July 23d. Therefore both of these letters together constitute the contract, under the terms of which the plaintiff is entitled to compensation at the agreed rate for such service as had been rendered prior to the receipt in due course of the order of cancellation. Plaintiff having tendered the copy in accordance with its agreement, is entitled to payment therefor. Of course, we agree with the rule contended for by counsel for respondent and supported by the authorities to which he refers, that an acceptance of an offer on terms varying from those proposed is a rejection of the offer and that a qualified acceptance is a new proposal. But we hold that respondent's acceptance of the offer made by appellant was an unqualified acceptance.

The judgment is reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 11, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.