[Civ. No. 6590.   Third Dist.—June 30, 1941.]

H. F. MILE, Respondent, v. CALIFORNIA GROWERS WINERIES, INC. (a Corporation), Appellant.

Edward L. Kellas and Richard Z. Lamberson for Appellant.

Wm. P. Mealey for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment which was rendered against it in a suit on an oral contract to pay plaintiff overriding commissions on wine sold by a third party, and for the balance of the purchase price of plaintiff's equipment.

The appellant contends there is an absolute failure of proof of the "general scope and meaning" of the contract as alleged in the complaint, pursuant to section 471 of the Code of Civil Procedure; that the findings and judgment are not supported by the evidence, and that the contract was terminated by the conduct of the third party.

The complaint alleges, and the court found, that the plaintiff was engaged in business as a wholesale commissioner of wines and brandies with his headquarters at Los Angeles; that he had a large number of regular customers; that his most successful salesman was Ed Syracuse who was well

qualified as such and who had secured many regular personal customers; that the defendant corporation also conducted a separate wholesale wine business in Los Angeles, Fresno and Burbank; that on April 10, 1935, the defendant agreed with plaintiff, who was about to abandon his wine enterprise, that if he would persuade his salesman, Ed Syracuse, to transfer his business to the defendant and act as its salesman, defendant would pay plaintiff an overriding commission of one cent per gallon for all wine sold by the said Syracuse; that plaintiff did induce Mr. Syracuse to become the agent of the defendant and that, prior to February 28, 1936, Mr. Syracuse sold for the defendant 89,295 gallons of its wine, thereby becoming indebted to plaintiff in the sum of $892.95, no part of which was paid; that on or about July 1, 1935, plaintiff sold and transferred to the defendant his office furniture and equipment for the agreed price of $550, no part of which was paid, except the sum of $324, leaving a balance due thereon of $226. The complaint then asks for an accounting and judgment for the amount due on said contract for overriding commissions and for the balance of the purchase price of the furniture and equipment sold to the defendant.

No demurrer to the complaint was filed. The defendant answered, denying the material allegations of the complaint, and making certain counter demands in a cross-complaint. Findings were adopted favorable to the plaintiff in every material respect. Upon those findings judgment was rendered for plaintiff in the sum of $1,120.14, which included interest on the amounts found to be due. From that judgment this appeal was perfected.

■ We are of the opinion there is no merit in appellant's contention that the judgment should be reversed for lack of proof of an essential allegation of the complaint according to the definition of a lack of due proof found in section 471 of the Code of Civil Procedure. That section distinguishes between a variance as defined by section 469 of the same code, and mere lack of proof. It declares that a failure of proof exists when there is no substantial evidence to establish "the general scope or meaning" of an essential allegation. In effect, that section asserts that an absence of proof of mere unessential allegations which does not prejudice the adverse party is not fatal to a recovery. In conformity with the provisions of the sections above referred to, it is said in 1 Jones

on Evidence, 4th ed., p. 446, secs. 232–234, with respect to the doctrine of variance, that:

"The plaintiff cannot recover if the evidence establishes *a wholly different case* from that which has been alleged., It has long been the general rule that a substantial, not a literal, agreement between pleadings and proof is all that is required. * * * A variance shall be considered only where it has actually misled the adverse party to his prejudice. * * * Objection to a variance between allegations and proof must be made before final judgment; otherwise the variance will be remedied by the verdict."

In the present case there is no lack of proof upon the material allegations of the complaint. Paragraph III alleges that the defendant agreed to pay plaintiff one cent, as an overriding commission, on "every gallon of wine sold for said defendant by said Ed Syracuse and to consumers furnished by said Syracuse". The evidence conclusively shows that Syracuse did sell for the defendant 89,295 gallons of wine. That fact is not disputed. At the close of plaintiff's evidence there was no motion for judgment for failure of proof, or otherwise. It was not contended during the trial that plaintiff failed to prove the wine was sold to "customers furnished by said Syracuse". That failure of proof is raised for the first time on appeal. The record indicates that the only issue at the trial with respect to the overriding commissions claimed to be due to plaintiff, was the question as to whether defendant promised to pay him a commission of one cent per gallon for *all wine sold by Syracuse*. The answer does not raise the issue as to whether wine was sold by Syracuse *to former customers of his own*. All that the answer asserts in that regard is that "defendant expressly denies that it agreed with the plaintiff that it would pay plaintiff any additional commissions on the sales made by said Ed Syracuse". We assume that defendant's failure to raise the question at the trial or in its answer amounts to a concession that whatever wine Mr. Syracuse did sell, if any, was sold to his own former customers. The court found that the defendant promised to pay plaintiff the overriding commissions as alleged, and that he induced Syracuse to "transfer his business to the defendant", who thereafter sold wine for the defendant in the aggregate quantity of 89,295 gallons, and "that there is due, owing and

unpaid from defendant to plaintiff the full sum of $892.95" on that account. The language of the finding last quoted infers that the wine in question was sold to former customers of Mr. Syracuse. If a more particular finding in that regard had been adopted to conform to the allegation of the complaint, it is evident that it would necessarily be favorable to the plaintiff. The defendant may therefore not complain of that omission. That omission does not constitute reversible error. (*Kramer* v. *Sanguinetti*, 33 Cal. App. (2d) 303, 311 [91 Pac. (2d) 604].)

▉ Moreover, the evidence shows that the defendant was to pay plaintiff one cent per gallon for all wine sold by Mr. Syracuse, regardless of whether or not it was sold to former customers of Syracuse. If the defendant had raised the question at the trial as to whether the wine had been sold to "customers furnished by said Syracuse", that evidence might have been supplied, or that language of the complaint might have been stricken from the pleading as surplusage. The defendant is not prejudiced by the fact that it was not stricken out to conform to the evidence adduced. Mr. Mile testified regarding the agreement to pay him one cent per gallon for all wine sold by Mr. Syracuse as follows:

"Q. And Mr. Leonard [manager of the defendant corporation] told you that if you could do so, he would be happy to pay you one cent a gallon for all purchases made by Syracuse, is that correct? A. Yes; not for all purchases; for all wines sold by Mr. Syracuse. Q. All wines sold by him? A. That is right. Q. In other words, any wine that Mr. Syracuse sold either as a broker or through the accounts which you say you controlled, the override obtained? A. Yes. Q. How long was that arrangement to obtain? A. I presume as long as Mr. Syracuse was associated with the concern. There was nothing said as to how long it was to carry on. I have always felt an arrangement of that kind carries on until you are discharged or your man leaves you."

Under the circumstances of this case we conclude there was neither a fatal variance between the allegations of the complaint and the proof adduced, nor a lack of proof which will render the judgment void on that account.

While there is a conflict of evidence regarding the oral contract to pay plaintiff one cent per gallon, as an overriding commission, upon all wine sold for the defendant by Mr. Syra-

cuse, we are convinced there is sufficient evidence to support that issue.

It is true the complaint does allege another agreement to pay plaintiff additional stipulated commissions for his personal services in selling wine as its agent. That issue, however, appears to have been abandoned. There is no substantial evidence that plaintiff himself sold any wine for the defendant. The court made no finding in that regard. The judgment contains no allowance on that account. The defendant is not prejudiced by the omission to adopt findings upon that issue.

No question is raised on appeal regarding the allowance to plaintiff in the judgment of the sum of $226 for the unpaid portion of the purchase price of office furniture and equipment. From that sum the court deducted $162.88 allowed to the defendant in accordance with the allegations of its cross-complaint. We assume those items were properly allowed.

The contract was not void for failure to specify the time during which the employment was to continue. It was for personal services which were continuing in their nature. Such contracts may be terminated by either party at will, upon giving the adverse party reasonable notice thereof. (*Adkins* v. *The Model Laundry Co.*, 92 Cal. App. 575, 581 [268 Pac. 939] ; 17 C. J. S. 887, sec. 398.) When a contract for continuing services is terminated after they have been rendered pursuant thereto, the employer is nevertheless liable for the services already performed. (*Allen* v. *Laughlin Fruit Refiners, Inc.*, 57 Cal. App. 46, 49 [206 Pac. 475] ; *Great Western Distillery Products, Inc.*, v. *John A. Wathen Distillery Co.*, 10 Cal. (2d) 442, 446 [74 Pac. (2d) 745] ; 17 C. J. S. p. 888, sec. 398, and p. 893, sec. 404.) At page 888 of the authority last cited it is said in that regard:

"A contract for services or commodities cannot be terminated so as to avoid liability for services or commodities already furnished."

In the present case there is no substantial evidence that the stipulated services of Mr. Syracuse were terminated, or that he ceased to perform those duties for the defendant. He continued to sell wine for the defendant until he had disposed of 89,295 gallons of wine as shown by the accounting. No notice of any alleged change in his relationship to the de-

fendant was ever given to the plaintiff. There is no satisfactory evidence that his relationship did change. Certainly the defendant is liable, under such circumstances, for the overriding commissions it agreed to pay to plaintiff.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.