[Civ. No. 18879.   Second Dist., Div. Two.   July 17, 1952.]

FRANCIS RAVEL, Respondent, v. LEO HUBBARD et al., Appellants

Philip T. Lyons for Appellants.

Wood, Crump, Rogers, Arndt & Evans, Dale J. Herian and M. W. Young for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court in an action to recover damages for breach of a contract to permit plaintiff to do all defendant's hauling of its prefabricated houses, defendants appeal.

*Facts:* On March 14, 1946, defendants wrote plaintiff as follows:

"Ravel Trux Co.
1528½ North Cordon Street
Hollywood, California

"Gentlemen:

"We are very anxious to have a mutual agreement in regards to the trucking of our prefabricated houses. It is my understanding that you have given our Mr. Galbraith the terms which have been accepted by him, and I understand that you will have adequate equipment to take care of at least five houses per day and that you will put a swamper on each truck so that the buildings can be unloaded properly.

"It is also our understanding that you have Cargo Insurance as well as Compensation Insurance. We would appreciate very much your giving us a certificate from your insurance carrier as to this. In consideration of your furnishing the necessary equipment so that we can be sure that these buildings can be taken out as fast as we produce same, we are willing to give you the exclusive hauling on same for California and Arizona. It is understood and agreed, however, that if at any time you fall down and do not provide the adequate equipment, that we are privileged to secure other trucking companies.

"We might call your attention to the fact that we are selling our houses f.o.b. our plant and the customer is paying the cartage, and it might be possible that some customers will insist on furnishing their own trucks, but we will not permit it without your approval, and we would prefer to have you do the hauling.

"Very truly yours,
PREFAB MANUFACTURING CO.
(Signed) Leo E. Hubbard
Credit Department
(Signed) J. W. Galbraith."

The foregoing offer was accepted by plaintiff, who entered into the performance of the agreement. With the consent of defendants, this agreement was later assigned by plaintiff to Ravel Ffoulke Corporation.

Plaintiff and its assignee did all of defendants' hauling of prefabricated structures for about six months. Thereafter,

defendants permitted other persons to do their hauling and on June 9, 1948, wrote plaintiff terminating their agreement with him.

Plaintiff instituted the present suit to recover for the loss of profits which he had suffered because defendants had breached their agreement with him. Defendants filed a demurrer to the complaint on the grounds that (1) several causes of action were alleged in the complaint and not separately stated; (2) the complaint was uncertain in that it failed to set forth with particularity the items of damage claimed by plaintiff; (3) the .causes of action were barred by the statute of limitations as to all items accruing more than two years prior to February 1, 1950, and (4) a general demurrer. This demurrer was overruled and after trial judgment was entered in favor of plaintiff.

*Questions:* First: *Did the court err in overruling defendants' demurrer?*

*No.* ■ As to the first and second grounds of the demurrer the following rule is applicable: The manner of pleading becomes unimportant when a case is fairly tried on the merits under circumstances which indicate that nothing in the pleadings mislead the unsuccessful litigant to his prejudice. (*Buxbom* v. *Smith,* 23 Cal.2d 535, 543 [6] [145 P.2d 305]; *Alonso* v. *Hills,* 95 Cal.App.2d 778, 782 [2] [214 P.2d 50].) In the instant case defendants have failed to indicate wherein they were not fully informed of the issues which they were called upon to meet or wherein they were prejudiced by the trial court's ruling. ■ Prejudice is never presumed, it being incumbent upon defendants (appellants herein) to affirmatively show they have been prejudiced by any alleged error. (*Vaughn* v. *Jonas,* 31 Cal.2d 586, 601 [8] [191 P.2d 432]; *Santina* v. *General Petroleum Corp.,* 41 Cal.App.2d 74, 76 [1] [106 P.2d 60].) Therefore, pursuant to this rule we must disregard the first two grounds of the demurrer.

■ Relative to the third ground of the demurrer, the trial court found "said agreement was evidenced on the part of defendants by a document in writing, a true copy of which is attached to the complaint and marked Exhibit 'A'. . . . Plaintiff then and there accepted the terms and conditions set forth in said agreement of March 14, 1946, and entered into performance thereof." This finding was supported by the letter of March 14, 1946, signed by defendants, .set forth *supra.* This letter was an offer which the trial court found was accepted by the plaintiff at which time it became a con-

tract evidenced by a writing signed by the party to be charged. (*Ryer* v. *Stockwell*, 14 Cal. 134, 136 [73 Am.Dec. 634]; *cf. Tagus Ranch Co.* v. *Hughes*, 64 Cal.App.2d 128, 130 [148 P.2d 79].) Therefore the four-year statute of limitations and not the two-year statute was applicable and the trial court properly overruled the demurrer on this ground.

There is no merit in defendants' contention the general demurrer should have been sustained because the contract lacked mutuality. The contract required plaintiff to have equipment to move at least five houses per day and to put a swamper on each truck. In addition it provided "In consideration of your furnishing the necessary equipment so that we can be sure that these buildings can be taken out as fast as we produce same, we are willing to give you the exclusive hauling on same for California and Arizona. It is understood and agreed, however, that if at any time you fall down and do not provide the adequate equipment, that we are privileged to secure other trucking companies." From the foregoing it is apparent plaintiff was entitled to have the exclusive hauling of defendants' prefabricated houses for so long as plaintiff was able to perform his portion of the contract. It is the general rule that a contract is not fatally defective merely because it does not specify a time presently definite for its termination. Where the agreement provides that plaintiff's exclusive right is to endure so long as he "shall perform the terms of" his agreement, the contract is valid and sufficiently certain. (*Long Beach Drug Co.* v. *United Drug Co.*, 13 Cal.2d 158, 165 [4] [88 P.2d 698, 89 P.2d 386]; *Mile* v. *California Growers Wineries, Inc.*, 45 Cal.App.2d 674, 679 [4] [114 P.2d 651].) This rule is here applicable.

Where a contract is terminable at will, liability attaches for breaches occurring prior to the termination of the contract. (See *Mile* v. *California Growers Wineries, Inc., supra.*) *Miami Coca Cola Bottling Co.* v. *Orange Crush Co.*, 296 F. 693; *Dupont de Nemours & Co.* v. *Clairborne-Reno Co.*, 64 F.2d 224, and *Thacker* v. *American Foundry*, 78 Cal. App.2d 76 [177 P.2d 322], relied on by defendants, recognize the rule just stated. *Ellis* v. *Dodge Bros.*, 237 F. 860, which holds a contrary rule, is not the law in California and therefore is not here controlling. (See *Brawley* v. *Crosby etc. Foundation, Inc.*, 73 Cal.App.2d 103, 114 [166 P.2d 392].)

There is likewise no merit in defendants' contention that there was a partial termination of the contract because

defendants for a period prior to the termination of the contract, gave a portion of their hauling to persons other than plaintiff. Plaintiff merely waived some of his rights by not sooner insisting upon defendants' strictly complying with their contract.

██ Second: *Was plaintiff barred from recovery because of the fact neither plaintiff nor his assignee was properly licensed?*

*No.* There is no merit in defendants' contention that the work done by plaintiff and his assignee was illegal because neither of them had a "contract carrier's permit." The trial court found, supported by substantial evidence, that "on March 14, 1946, plaintiff Francis Ravel was doing business under the name of Ravel Trux Co. and was the sole owner thereof. At no time did anyone other than plaintiff have any interest in Ravel Trux Co." It was further found he had complied with the provisions of Civil Code, sections 2466 and 2469. The Highway Carriers' Act (2 Deering's Gen. Laws, Act 5129a) provides three classifications of carriers: Highway common carrier, radial highway common carrier and highway contract carrier. Plaintiff and the corporation which did a portion of the hauling held radial highway common carrier permits. That such a permit is sufficient to cover the character of operations engaged in by plaintiff here was settled in the case of *Hill* v. *Progress Co.,* 79 Cal. App.2d 771, 777 [3] [180 P.2d 956], the facts of which are somewhat similar to those herein involved, and the same contention having been made that plaintiff could recover when he held a radial highway common carrier permit even though he did not hold a highway contract carrier permit.

Third: *Did the trial court err in failing to make a finding that plaintiff and the Ravel Ffoulke Corporation held a contract carrier's permit?*

*No.* In view of the fact that it was unnecessary for the validity of the contract for either to have a highway contract carrier's permit it is immaterial whether the trial court made a finding on this issue or not.

Fourth: *Was the finding that plaintiff was doing business under the name of Ravel Trux Company, was the sole owner thereof, and had fully complied in all respects with sections 2466 to 2469 of the Civil Code supported by the evidence?*

*Yes.* ██ In the complaint plaintiff alleged he was doing business under the name of Ravel Trux Company and was the sole owner thereof and had complied with the code sec-

tions set forth above. Defendants denied upon information and belief the allegations that plaintiff had complied with the provisions of sections 2466 to 2469 of the Civil Code. Such an allegation when denied. upon information and belief constitutes an admission of the truth of the allegation. (*Goldwater* v. *Oltman,* 210 Cal. 408, 425 [292 P. 624, 71 A.L.R. 871]; *Atwater* v. *Argonne Van & Storage Co.,* 74 Cal.App.2d 410, 412 [4] [168 P.2d 776].) In addition, plaintiff testified he did not have a partner and that he was conducting the business himself. This sustains the trial court's findings.

Fifth: *Did plaintiff assign the contract to the corporation?*

*Yes.* The trial court found that plaintiff had assigned the contract in question to the corporation. This finding is supported by plaintiff's testimony that everything had been merged into the corporation.

Affirmed.

Moore, P. J., and Fox, J., concurred.