[Civ. No. 21482.   Second Dist., Div. One.   Apr. 4, 1956.]

PARKER MANN, Respondent, v. A. R. MUELLER et al., Appellants.

Arthur E. Briggs for Appellants.

Robert S. Butts for Respondent.

WHITE, P. J.—Defendants have appealed from the judgment for plaintiff for real estate broker's commission. The following statement of the case is quoted from respondent's brief:

"Plaintiff's complaint alleged: That plaintiff was, at all material times, a real estate broker duly licensed by the State of California. That on July 3, 1954, defendants were the owners of certain real property and that other persons were the owners of other real property. That on said date defendants and one H. H. Young entered into a written standard exchange agreement by the terms of which defendants agreed to exchange their property for certain other property. That on and prior to said date plaintiff had rendered his services as a real estate broker in connection with said exchange of property.

"The complaint then sets forth *in haec verba* a portion of the exchange agreement as follows:

" 'ACCEPTANCE OF AGREEMENT.

" 'The foregoing offer is hereby accepted on the terms stated, and the undersigned, therein called the party of the second part agrees to pay Property Investment Co., 678 S. Vermont Ave., Los Angeles, Calif., $5,000.00 commission for services rendered. *Commission to become due and payable on the execution of this agreement by all parties hereto,* and further agrees that said Agent may act as agent for all parties hereto and may accept commission therefrom. *Commission to be SECURED by Note & 3rd Deed of Trust on property to be acquired.* Said Note to be payable at $100.00 or more per month including 6% interest. Full amount of commission note to be due and payable on or before Sept. 1, 1955. Dated July 3, 1954.

A. R. MUELLER<br>EVELYN L. MUELLER.' "

"The complaint further alleges that said exchange agreement was executed by all parties thereto, that demand had been made on defendants for the execution and delivery of the security above referred to and for the payment of the commission and that defendants have failed to honor such demand."

The first ground for reversal urged by appellants is that their general demurrer to the complaint should have been sustained for the reason that "the complaint did not allege *full* performance by the broker as required by statute," "that

plaintiff broker procured a party ready, able and willing to make the exchange," "that the exchange was consummated," "that defendants acquired the property upon which the deed of trust was to be given," and that "the terms of the exchange agreement are not alleged in the complaint." After the first witness was called and sworn, appellants objected to the introduction of any evidence on the ground that the complaint did not state a cause of action. The overruling of that objection is also cited by appellants as prejudicial error. These two points will be considered together.

Respondent's reply to these points is that: "After the defendants' demurrer to the complaint was overruled the defendants answered and no appeal was taken by defendants from the ruling of the law and motion department in connection with defendants' demurrer to the complaint. The time for appeal has expired as is clearly evidenced from the record."

An order overruling a demurrer is not an appealable order and it can be reviewed only on appeal from a final judgment. (*Hanke* v. *McLaughlin,* 20 Cal.App. 204 [128 P. 772]; *Southern Calif. Tel. Co.* v. *Damenstein,* 81 Cal.App.2d 216, 217 [183 P.2d 675].) The overruling of a special demurrer "becomes unimportant when a case is fairly tried on the merits under circumstances which indicate that nothing in the pleadings mislead the unsuccessful litigant to his prejudice. (*Buxbom* v. *Smith,* 23 Cal.2d 535, 543 [145 P.2d 305]; *Alonso* v. *Hills,* 95 Cal.App.2d 778, 782 [214 P.2d 50].)" (*Ravel* v. *Hubbard,* 112 Cal.App.2d 255, 258 [246 P.2d 88].)

Where, as in the instant action, defendants make proper and timely objection to the introduction of any evidence on the ground that the complaint does not state a cause of action, by answering the complaint and proceeding to trial they do not waive their right to have the ruling on their general demurrer reviewed on appeal from the judgment. (*Harris* v. *Seidell,* 1 Cal.App.2d 410, 414 [36 P.2d 1104]; *Ravel* v. *Hubbard,* 112 Cal.App.2d 255, 258 [246 P.2d 88].) But, in the instant action, by the denials and allegations of their answer (including seven affirmative defenses), defendants put in issue all of those facts omitted from the complaint, and the court properly proceeded to the trial of the issues raised by the *pleadings.* In this action, therefore, the defects in the complaint having been cured by the answer, the overruling of the general demurrer is not subject to review on appeal, and the

overruling of the objection to the admission of evidence on the same ground was not prejudicial error. (*Vance* v. *Anderson*, 113 Cal. 532, 535 [45 P. 816] ; *Gordon* v. *Aztec Brewing Co.*, 33 Cal.2d 514, 523 [203 P.2d 522] ; *Wilson* v. *Stearns*, 123 Cal. App.2d 472, 483 [267 P.2d 59].)

The third ground for reversal urged by appellants in their opening brief is the overruling of their objection to the admission in evidence of plaintiff's Exhibit 1, the contract dated July 1, 1954. ▉ The same contract is alleged in appellants' first amended answer. Any objection they might otherwise have had to the introduction of that agreement was waived by their answer.

Said Exhibit 1 is the agreement relied 'upon by respondent and only a part of it is alleged in his complaint or stated in his brief on this appeal as hereinabove quoted. Said Exhibit 1 also contains the following language :

"TERMS OF EXCHANGE

"Both parties shall enter into a satisfactory written agreement covering the rental of the grocery store building and space rental for approximately 55 rental trailers owned by H. Harrison Young.

"The agreed rate of rent for the grocery store building is to be 3% of the gross monthly receipts with a minimum guarantee of $100.00 per month.

"The agreed rate of rent for each rental trailer space is to be 60¢ per day when occupied and 30¢ per day when unoccupied.

"Both parties agree to enter into an Escrow Agreement on or before July 7th, 1954 in order to consummate this Exchange."

▉ It is urged by appellants that the paragraph, "Both parties shall enter into a satisfactory written agreement . . ." is an agreement to agree; and that not only that paragraph is unenforceable but, because of it, the entire agreement is likewise merely an unenforceable agreement to agree. However, reading that paragraph with the two immediately following and considering the contract as a whole, it is obvious that appellants and respondent had determined the rate and amount of the rentals. There is also in the record evidence that appellants had previously inspected the grocery store, that the trailers were on the ground and their respective sizes and locations also had been observed by appellants. Therefore, the language quoted from *Autry* v. *Republic Productions*,

*Inc.,* 30 Cal.2d 144, 151 [180 P.2d 888, 893], and relied upon by appellants, — ''Neither law nor equity provides a remedy for breach of an agreement to agree in the future. Such a contract cannot be made the basis of a cause of action.'' — has no application to the facts in the instant action.

It is next contended by appellants that, because all the parties to the exchange failed to enter into any written agreement respecting rentals of the grocery store or the trailer spaces, failed to enter into any escrow agreement for the consummation of said exchange, and abandoned their said exchange agreement, the evidence does not support the finding that on and prior to the signing of the exchange agreement respondent ''had rendered his services as real estate broker in connection with said exchange of property.''

In support of this contention, appellants have cited *Lawrence Block Co.* v. *Palston,* 123 Cal.App.2d 300 [266 P.2d 856], an action for real estate commission, wherein judgment for plaintiff was reversed for the reason that the agreement to pay commission was included in a purported agreement of sale expressly subject to buyer's approval of O.P.A. statements and of the apartments after inspection, and subject to seller's ability to procure a certain loan which she did not obtain. In *Lawrence Block Co.* v. *Palston, supra,* at page 306, it is stated: ''In support of its proposition, plaintiff relies on such cases as *Deeble* v. *Stearns,* 82 Cal.App.2d 296 [186 P.2d 173]; *Cole* v. *Low,* 81 Cal.App. 633 [254 P. 676]; *Carrington* v. *Smithers,* 26 Cal.App. 460 [147 P. 225]; *Jauman* v. *McCusick,* 166 Cal. 517 [137 P. 254]. Those cases hold that a broker employed to sell real property has earned his commission when he has produced a purchaser who has been accepted by his principal as his purchaser by entering into a contract with him, and that the failure of either party to perform the contract is not material to the right of the broker to receive compensation from his principal. The rule laid down in those cases is based entirely on the principle that the broker, having performed what he was employed to do, is entitled to be paid without regard of the ultimate fate of the contract between his principal and the purchaser produced by him.''

*Lawrence Block Co.* v. *Palston, supra, Ajax Holding Co.* v. *Heinsbergen,* 64 Cal.App.2d 665 [149 P.2d 189], *Autry* v. *Republic Productions, Inc.,* 30 Cal.2d 144, 151 [180 P.2d 888, 893], and *Keeler* v. *Glendon,* 124 Cal.App.2d 634 [268 P.2d 1089], the cases cited in support of appellants' said contention

that respondent had not rendered the service for which he seeks payment, each involve agreements to agree where there was no meeting of the minds of the parties as to essential provisions. In the instant action, appellants have failed to state either in the trial court or upon appeal what essential provisions, if any, had been omitted from the agreement signed by them. This is not a case where appellants were high pressured into buying property unknown to them. One of the appellants was, himself, a licensed real estate broker. He had sought to make the same trade a year before, and shortly before the agreement involved in the instant action he had called upon and asked the respondent to work up an exchange of the properties described in said agreement. The cases last above cited have no application to the facts of the instant action.

Where the parties, as in the instant action, have agreed in writing upon the essential terms of their contract, even though several more formal instruments are to be prepared and signed later, the written agreement which they have already signed is a binding contract. When one party refuses to execute the more formal instruments intended, the other has a right to rely upon the agreement already expressed in writing. (*Gavina* v. *Smith,* 25 Cal.2d 501, 504 [154 P.2d 681].)

It is further urged by appellants that the exchange agreement was in violation of section 18600.5 of the Health and Safety Code of the State of California, which provides: ''It shall be unlawful for any person to rent or hold out for rent any trailer coach in any auto and trailer park which is owned by or in the possession or control of any owner or operator of the auto and trailer park or his agent.''

Again considering the ''Terms of Exchange'' hereinbefore quoted and relied upon by appellants as showing the invalidity of the exchange agreement, we find nothing therein to indicate any intent to violate the Health and Safety Code, and an intent to violate the law will not be presumed. If appellants, in fact, did intend to violate the law by renting trailers owned or controlled by them after completion of their exchange, it does not appear from the writing.

In a separate defense contained in their amended answer, appellants alleged that fraudulent misrepresentations were made by respondent. The trial court found *contra.* The evidence regarding such alleged misrepresentations is conflict-

ing and the findings are, therefore, conclusive. This is true as to statements regarding gross and net spendable income and as to the physical boundaries of the trailer park.

In their opening brief, appellants state: "H. H. Young was not the owner of the auto trailer park. It was held in *Mott* v. *Minor,* 11 Cal.App. 774 [106 P. 244], an exactly parallel case, that the broker failed to produce a purchaser ready, able and willing to purchase, that the contract not being signed by the real party in interest but by an agent of an undisclosed principal, it was unenforceable, 'and where the real party in interest is not disclosed to the vendor the broker should not be allowed to prevail on the theory that he has produced the agent of the undiscovered principal.'" However, the facts before the court in *Mott* v. *Minor, supra,* are not analogous to those in the instant action. It appears in *Mott* v. *Minor,* at page 780, that "plaintiff's authority had been canceled before the purchaser was found." Also in *Mott* v. *Minor,* instead of accepting the offer and signing an agreement in writing as in the instant proceeding, defendant refused to sell and signed no agreement with the purchaser produced.

In *Hanson* v. *Fox,* 155 Cal. 106 [99 P. 489, 132 Am.St.Rep. 72, 20 L.R.A.N.S. 338], plaintiff vendee under an instalment contract made a tender of the entire balance due, demanded a deed, and brought action to rescind his agreement to purchase on the ground that defendant vendor was not the owner of the property sold. Judgment for plaintiff was reversed. The court, at page 107, said: "In a case such as this it is permissible for one to contract to convey title to land which he does not own, and he is in default under such contract only when the vendee has performed his part of the contract and made demand for a title which the vendor is unable to furnish . . .

". . . The same principle is announced and the rule laid down in *Garberino* v. *Roberts,* 109 Cal. 125 [41 P. 857], and it is further said: 'In order to put the defendant (vendor) in the wrong, it is incumbent upon him (the vendee) to await the time of performance provided in the contract, and thereupon make his tender of performance and demand his deed.'. . ."

See also *Lemle* v. *Barry,* 181 Cal. 6, 9 [183 P. 148], to the same effect.

In the instant action, the trial court found upon sufficient evidence "that the failure of defendants and H. H. Young

to enter into a written agreement and an escrow agreement as provided in said exchange agreement . . . was occasioned entirely by the fault, failure and refusal of defendants.''

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.

A petition for a rehearing was denied April 23, 1956.