[No. C012735. Third Dist. Jan. 25, 1993.]

JOHN M. WALLER et al., Plaintiff, Cross-defendant and Respondent, v. TJD, INC., Defendant, Cross-complainant and Appellant.

COUNSEL

A. Morgan Jones for Plaintiff, Cross-defendant and Respondent.

Downey, Brand, Seymour & Rohwer and Harold Craig Manson for Defendant, Cross-complainant and Appellant.

OPINION

PUGLIA, P. J.—TJD, Inc. (defendant), appeals from a judgment entered on a jury verdict awarding respondents (plaintiffs) damages for breach of a lease between the parties. On appeal defendant contends the superior court

erred in denying its motion for summary judgment, and that the court failed in its order of denial adequately to state its reasons. We shall conclude that defendant has failed to establish prejudice from these alleged errors, and affirm the judgment.

Since defendant has not designated the reporter's transcript as part of the record on appeal, such facts as are necessary to our discussion and analysis are taken from the pleadings, the motion for summary judgment and opposition to the motion. The complaint alleges that in April 1985 plaintiffs leased to defendant real property in Nevada County for a term of five years. The agreement was in writing and called for monthly rental payments of $4,200. In each month between July 1988 and the termination of the lease in March 1990 defendant paid only a portion of the rent due, the amount varying between $2,500 and $3,200 per month. Plaintiffs calculated that a total of $23,100 remained owing when the leasehold expired.

After filing its answer and a cross-complaint, defendant moved for summary judgment. Defendant proffered several alternative grounds in support of its argument that there was no triable issue of material fact as to the claim of breach. Defendant's theories were: (1) plaintiffs waived their claim for the full rent by their acceptance without objection of the tender of a lesser amount; (2) plaintiffs, by virtue of their acceptance of the partial payments, caused defendant to rely on its belief that the lesser amounts would constitute full payment, and were therefore estopped from suing for any deficiency; and (3) the lease agreement was implicitly modified by the parties' conduct. Defendant's motion and plaintiffs' opposition were supported by points and authorities, declarations, and other exhibits. The superior court held there was a triable issue of fact as to plaintiffs' entitlement to the unpaid rent, and denied summary judgment.

The matter proceeded to a jury trial, and ultimately a verdict in plaintiffs' favor. This appeal followed. The only grounds for reversal urged by defendant are, as noted above, that summary judgment should have been granted as a matter of law, and that the order denying summary judgment did not comply with Code of Civil Procedure section 437c, subdivision (g), in that it did not state the evidence which the superior court relied upon in finding a triable issue of fact.

Since the record furnished by defendant consists only of the clerk's transcript, this is a "judgment roll" appeal, in which we undertake our review with the presumption that the judgment is correct and supported by the evidence at trial. (See *Wheelright* v. *County of Marin* (1970) 2 Cal.3d 448, 454 [85 Cal.Rptr. 809, 467 P.2d 537]; *Ford* v. *State of California* (1981) 116

Cal.App.3d 507, 513-514 [172 Cal.Rptr. 162].) ██ The question thus becomes whether a presumptively valid judgment rendered after full trial on the merits can be set aside on the ground of error in denying a motion for summary judgment. We shall conclude that even if the superior court erred in denying summary judgment, that error cannot result in reversal of the final judgment unless that error resulted in prejudice to defendant.

██ Article VI, section 13, of the California Constitution provides that a judgment cannot be set aside ". . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." This fundamental restriction on the power of appellate courts is amplified by Code of Civil Procedure section 475, which states that trial court error is reversible only where it affects ". . . the substantial rights of the parties. . . ," and the appellant "sustained and suffered substantial injury, and that a different result would have been probable if such error . . . had not occurred or existed." Prejudice is not presumed, and the burden is on the appealing party to demonstrate that a miscarriage of justice has occurred. (*Brokopp* v. *Ford Motor Co.* (1977) 71 Cal.App.3d 841, 853-854 [139 Cal.Rptr. 888, 93 A.L.R.3d 537]; *Dorsic* v. *Kurtin* (1971) 19 Cal.App.3d 226, 236 [96 Cal.Rptr. 528].) ██ In an effort to establish the requisite prejudice, defendant reasons that if its summary judgment motion had been granted, the matter would have been terminated in its favor at that point, there would have been no trial and it would not now be faced with an adverse judgment.

While defendant's logic has a superficial appeal, it does not go far enough. When the trial court commits error in ruling on matters relating to pleadings, procedures, or other preliminary matters, reversal can generally be predicated thereon only if the appellant can show resulting prejudice, and the probability of a more favorable outcome, *at trial*. Article VI, section 13, admonishes us that error may lead to reversal only if we are persuaded "upon an examination of the entire cause" that there has been a miscarriage of justice. In other words, we are not to look to the particular ruling complained of in isolation, but rather must consider the full record in deciding whether a judgment should be set aside. Since we are enjoined to presume that the trial itself was fair and that the verdict in plaintiffs' favor was supported by the evidence, we cannot find that an erroneous pretrial ruling based on declarations and exhibits renders the ultimate result unjust.

This conclusion is supported by numerous cases involving analogous claims of error in pretrial rulings. For instance, it has long been established that error in overruling a demurrer, or denying a motion for nonsuit, cannot

be relied on to overturn a judgment where the matter proceeded to trial and the evidence supports the ultimate result. (See *Peters* v. *Southern Pacific Co.* (1911) 160 Cal. 48, 52 [116 P. 400]; *Lowe* v. *San Francisco etc. Ry. Co.* (1908) 154 Cal. 573, 575 [98 P. 678] [nonsuit]; *Ingalls* v. *Monte Cristo Oil etc. Co.* (1917) 176 Cal. 128, 132 [167 P. 857]; *Ravel* v. *Hubbard* (1952) 112 Cal.App.2d 255, 258 [246 P.2d 88]; *Sherwood* v. *Greater Berkeley Land Co.* (1929) 99 Cal.App. 663, 665 [279 P. 167] [demurrer]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 345, 346, pp. 349-350.)

In analogous criminal proceedings, it is the rule that the erroneous denial of a motion to dismiss an information pursuant to Penal Code section 995 will not result in reversal on appeal in the absence of a showing that the defendant was deprived of a fair trial, or otherwise prejudiced in the ability to mount a defense. (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529-530 [165 Cal.Rptr. 851, 612 P.2d 941].) *Pompa-Ortiz* holds that without a showing of prejudice at trial, relief from an erroneous denial of a motion to dismiss is available only by way of pretrial writ review. (*Ibid.*)[1] The same principle applies in other contexts involving allegedly improper rulings in criminal cases, even where it is claimed there had been a violation of constitutionally protected rights. (*People* v. *Pompa-Oritz, supra,* and see *People* v. *Wilson* (1963) 60 Cal.2d 139, 151-154 [32 Cal.Rptr. 44, 383 P.2d 452].) In each of these examples, if the correct ruling had been made, the appellant would have prevailed and no trial would have followed; nevertheless, an erroneous ruling is not cause for reversal after trial because there is no prejudicial effect on the trial. Thus we reject defendant's theory that merely being compelled by force of an erroneous denial of a dispositive pretrial motion to participate in an otherwise fair trial constitutes prejudice warranting reversal.

We have discovered only one California decision which addresses the issue presented here. In *Ross* v. *McDougal* (1939) 31 Cal.App.2d 114 at page 118 [87 P.2d 709], the court stated: "The motion for summary judgment was made under section 437c of the Code of Civil Procedure. Under the pleadings, the motion was properly denied. Appellants cannot be heard to complain, for the trial court could have entered no different judgment on the pleadings than was finally entered after trial of the issues." While this holding admittedly fails to elucidate the reasoning underlying the court's conclusion, it nonetheless serves as an indication that the basic principle we

---

[1]We note that such a route to appellate review, in the form of a statutorily authorized petition for an extraordinary writ, was available to defendant in this case. (See Code Civ. Proc., § 437c, subd. (*l*).) From the record before us, it appears that defendant opted not to pursue that remedy.

apply in the present case has been long recognized. In this regard, it is informative to note that our treatment of the question was anticipated by one of the cases which first recognized the propriety of seeking review of a denial of summary judgment by way of a petition for writ of mandate. In *Whitney's at the Beach* v. *Superior Court* (1970) 3 Cal.App.3d 258 at page 266 [83 Cal.Rptr. 237], in explaining why the remedy by appeal was inadequate to redress an erroneous denial, but at the same time cautioning that writ relief should not be routinely granted, the court observed: "It may be assumed that the meritorious movant who has been denied his summary relief will ultimately prevail in the trial court without more trouble and expense than would have attended his efforts prior to the existence of the summary remedy. *If, in an exceptional case, the meritorious movant does not prevail in proceedings held after erroneous denial of his motion, because of new factors which his adversary failed to properly present in the summary judgment proceedings, the interests of justice will not be thwarted but subserved.*" (Italics added.) In other words, there will have been no miscarriage of justice.

Notwithstanding the paucity of precedent in California, a number of courts in other states which have decided the same issue have generally reached a conclusion consistent with the one we reach. (See Annot., Reviewability of Order Denying Motion for Summary Judgment (1967) 15 A.L.R.3d 899, § 9a, pp. 922-925, citing numerous cases from other jurisdictions.) A cogent statement of the rationale underlying the refusal to reverse on the basis of an error in denying summary judgment, when the same questions which were presented in the motion are later resolved against the moving party at trial, was set forth by the Illinois Court of Appeals in *Home Indemnity Co.* v. *Reynolds & Co.* (1962) 38 Ill.App.2d 358 at pages 366-367 [187 N.E.2d. 274]. In that opinion, after assuming arguendo, as we do here, that the summary judgment motion should have been granted, and that the judgment was supported by the evidence at trial, the Illinois court offers this analysis:

"An incorrect ruling deprived the moving party of a judgment it should have had. It could not immediately appeal from the orders denying its motions because the orders were not final and appealable. [Citations.] If it cannot appeal after judgment, if it does not come under the rule that an Appellate Court may review interlocutory orders . . . , what remedy does it have? To deny a review seems to be unjust. But to grant it would necessarily result, under our first assumption, in the finding that the judgment entered upon the verdict should be set aside and that judgment should be awarded upon one of the motions. This would be unjust to the party that was victorious at the trial, which won the judgment after the evidence was more

completely presented, where cross-examination played its part and where witnesses were seen and appraised. [¶] The greater injustice would be to the party which would be deprived of the jury verdict. Otherwise, a decision based on less evidence would prevail over a verdict reached on more evidence and judgment would be taken away from the victor and given to the loser despite the victor having the greater weight of evidence. That would defeat the fundamental purpose of judicial inquiry." (38 Ill.App.2d at p. 366.)

We agree with the rationale of the Illinois Court of Appeals. In doing so, we are cognizant of the fact that California cases have frequently indicated, as a general proposition, that an order denying a motion for summary judgment, while not directly appealable, may be reviewed on appeal from the final judgment. (See, e.g., *Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 753 [159 Cal.Rptr. 693, 602 P.2d 393]; *Aas* v. *Avemco Ins. Co.* (1976) 55 Cal.App.3d 312, 323-324 [127 Cal.Rptr. 192]; *Whitmire* v. *City of Eureka* (1972) 29 Cal.App.3d 28 at p. 32, fn. 3 [105 Cal.Rptr. 185].) However, no case that we have discovered has actually engaged in such review for the purpose urged upon us in this appeal, i.e., to consider the merits of the order denying summary judgment as a basis to reverse a judgment entered after trial on the merits. We do not intend by this decision to imply that review of such orders is never possible. In other circumstances, the rationale underlying this decision may not be applicable. For instance, we have no dispute with cases holding that where there have been "cross motions" for summary judgment, and one is granted while the other is denied, an appellate court may reverse the judgment and direct that the denied motion be granted. (See, e.g., *Whitmire* v. *City of Eureka, supra.*) Or, a scenario may be conceived in which a judgment adverse to the moving party is reversed for independent reasons, and it would then be appropriate to inquire into whether the summary judgment motion should have been granted. However, in those examples there has either been no trial on the merits of the issue raised by the summary judgment motion, or the judgment has first been found insupportable. Such is not the case here. Our opinion is limited to situations in which a party moves for summary judgment on the ground that there is no triable issue of fact, the motion is denied, and the same questions raised by the motion are then decided adversely to the unsuccessful moving party after a trial on the merits which is itself free from prejudicial error.

For the same reasons that any error in the denial of the motion for summary judgment is not prejudicial, it is obvious that a technical deficiency in the order itself is also inconsequential at this stage of the proceedings.

The judgment is affirmed. Plaintiffs shall recover their costs on appeal.

Davis, J., and Scotland, J., concurred.