Filed 6/17/14  Schaffron v. Sutter Medical Center, Sacramento CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MARGUERITE SCHAFFRON, | |
| Plaintiff and Appellant, | C071727 |
| v. | (Super. Ct. No. 34201000079045CUWTGDS) |
| SUTTER MEDICAL CENTER, SACRAMENTO, | |
| Defendant and Respondent. | |

This case arises out of Marguerite Schaffron's termination from her employment as a registered nurse at Sutter Medical Center, Sacramento (Sutter Medical).  Sutter Medical terminated Schaffron for improper administration and disposal of medicine as well as her violation of policies regarding documentation of medical treatment.  In response, Schaffron filed an action in superior court to claim the termination constituted a breach of her employment contract, unlawful retaliation for her attempts to advocate on behalf of her patient, and defamation of her character.  The trial court entered summary judgment in favor of Sutter Medical.

Schaffron appeals from the judgment of dismissal and subsequent order denying her motion for a new trial.  Schaffron contends (1) there is a triable issue of material fact

1

as to whether her refusal to engage in overbilling of a patient was the cause of the retaliatory termination, (2) the trial court erred by failing to follow *Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32 (*Khajavi*), which Schaffron asserts to preclude termination in retaliation for patient advocacy, (3) a credibility contest between Schaffron and her manager requires trial because "[t]hey disagree on many issues," and (4) Sutter Medical presented insufficient evidence to negate her claims of defamation and breach of contract.

We conclude Schaffron has forfeited all of her arguments except for her contention regarding the trial court's refusal to apply *Khajavi, supra,* 84 Cal.App.4th 32. Schaffron's forfeiture is based on her failure to develop any legal authority in support of her contentions. In addition to forfeiture, we conclude there is no triable issue of fact for the claim of retaliatory firing for refusing to engage in overbilling. As to Schaffron's argument regarding the applicability of *Khajavi*, we conclude she cannot establish prejudice because she does not address a separate ground on which the trial court based its decision. Accordingly, we affirm.

BACKGROUND

We set forth only a brief statement of the factual and procedural history of the case due to Schaffron's forfeiture of all but one of her arguments.

### *Schaffron's Operative Complaint*

Schaffron's second amended complaint is the operative complaint in this case, and it alleges she was wrongfully terminated by Sutter Medical. The operative complaint recounts that she gave L.D., a terminally ill patient, a quadruple dose of morphine. The operative complaint admits Schaffron did not dispose of excess morphine. However, the operative complaint portrays Schaffron's actions as consistent with common sense and in the best interests of the patient.

The day after Schaffron administered the excess morphine, the patient died. The operative complaint alleges Schaffron's manager informed the patient's family the "night

2

nurse overdosed the patient by giving him excessive amounts of the medication without a doctor's order." Schaffron alleges her manager knew the patient did not die of an overdose even when she spoke with the family. Sutter Medical then conducted an investigation that led to her termination that did not comport with Sutter Medical's practice of progressive discipline. Someone then forged Schaffron's signature on two of the termination of employment forms.

After being terminated from Sutter Medical, Schaffron sought other employment but "was forced to self publish the defamatory information" that she had been terminated from employment.

In addition to justifying Schaffron's actions in giving the excess morphine as being in the patient's best interest, the operative complaint faults Sutter Medical for a poorly handled investigation into workplace conduct. Based on her assertions of wrongful conduct by Sutter Medical, Schaffron's operative complaint sets forth claims for wrongful termination in violation of public policy, breach of the implied employment contract, breach of the covenant of good faith and fair dealing, defamation, and promissory fraud.

### *Sutter Medical's Motion for Summary Judgment*

Sutter Medical moved for summary judgment on grounds Schaffron admitted in her deposition that she never disagreed with or challenged any of Sutter Medical's policies. Moreover, Sutter Medical terminated Schaffron due to her failure to comply with its written procedures –- especially those regarding the administration, wasting, and documentation of medicines. Sutter Medical denied it ever published the information for which Schaffron asserted a cause of action for defamation.

### *The Trial Court Granted Summary Judgment in Favor of Sutter Medical*

The trial court granted summary judgment in favor of Sutter Medical. In doing so, the trial court overruled all of Schaffron's objections to evidence cited by Sutter Medical as undisputed material facts because none of Schaffron's objections concerned the

3

admissibility of the evidence. The trial court noted Schaffron's admission that "her immediate termination would appear to be justified" if she violated Sutter Medical's medication waste policy. Although Schaffron claimed her "intent" was a material fact, the trial court found she had not established her intent to be relevant to any of her claims.

As pertinent to this appeal, the trial court dismissed the cause of action for wrongful discharge "on two separate and independent grounds: (1) [Schaffron] failed to engage in any protected activity under the identified public policy (Bus. & Prof. Code § 510) and thus she cannot establish that she was terminated in retaliation for acting in furtherance of that public policy, and (2) defendant had a legitimate non-discriminatory reason for terminating plaintiff." As to the first ground, the trial court found Schaffron admitted she never disagreed with or challenged the medication waste policy. And, as to the second ground, the trial court found Sutter Medical established a legitimate, nondiscriminatory reason for termination because Schaffron effectively admitted in her deposition that she violated the medication policies.

DISCUSSION

I

### Schaffron's Claimed Refusal to Engage in Overbilling

In an argument titled, "Admissible Evidence #10," Schaffron seems to assert there is a triable issue of material fact as to whether her refusal to engage in overbilling was the cause of the retaliatory termination.[1] Schaffron's legal argument is undeveloped except

---

[1] California Rules of Court, rule 8.204(a)(1)(B) requires that "[e]ach brief must: [¶] . . . [¶] . . . [s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." Schaffron's nondescriptive headings for the arguments in her opening brief give no indication of the cause of action addressed or the legal basis for relief. Consequently, we would be justified in deeming her arguments forfeited on this basis alone. (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830.)

4

for the conclusory assertion the facts "do not support the trial court's summary judgment order so that it should be reversed." Schaffron's contention cites no legal authority.

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16; *In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672-673, fn. 3.) When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' (*Atchley v. City of Fresno* [(1984)] 151 Cal.App.3d [635,] 647; accord, *Berger v. Godden* [(1985)] 163 Cal.App.3d [1113,] 1117 ['failure of appellant to advance any pertinent or intelligible legal argument . . . constitute[s] an abandonment of the [claim of error'].)" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Here, Schaffron's legally unsupported and conclusory argument forfeits the issue for review.

In any event, Schaffron cannot succeed in a claim that her termination was in retaliation for refusal to engage in overbilling. Schaffron testified in her deposition that she did not know how much patients were billed for services and that she did not inquire about billing rates:

"Q. You wouldn't know if [L.D.] had any out-of-pocket expenses associated with his stay at Sutter the night you were there?

"A. [Schaffron]: Correct. No, I would not know.

"Q. It could [be] no out-of-pocket expenses; it could be some out-of-pocket expenses; you just wouldn't know?

"A. Correct, I would not know.

"Q. Have you ever had those kind[s] of discussions with a patient?

"A. No. I mean, occasionally they have asked how much is this going to cost me. And I honestly don't know."

5

During her deposition, Schaffron testified she did not believe she had any claim for termination in retaliation for refusal to engage in overbilling:

"Q. I guess what I'm trying to ask you is do you think -– forget what Sutter told you. Do you think you were terminated because of your efforts to be cost effective?

"A. [Schaffron]: No."

Schaffron also testified she did not believe Sutter's policies "hindered [her] ability to provide appropriate care for L.D."

Schaffron's deposition testimony stood in stark contrast to a declaration she filed later in which she asserted she "knows that she was terminated for her efforts to take care of L.D. with a plan of care that saved him money and made him comfortable." Sutter objected to the declaration because it conflicted with her deposition testimony that she did not know for what L.D. was being billed, took no steps to find out, and did not think she had a claim for refusing to engage in overbilling. The trial court sustained Sutter's objection, explaining that "[p]ursuant to *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 21, plaintiff cannot establish a triable issue of material fact by submitting a declaration which contradicts an earlier admission in written discovery or deposition."

Relying on our decision in *Scalf v. D.B. Log Homes, Inc.* (2005) 128 Cal.App.4th 1510 (*Scalf*), Schaffron asserts the trial court erred in applying *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1 at page 21 to conclude her declaration failed to create a triable issue of material fact. In *Scalf* this court recognized that "[w]hile the *D'Amico* rule permits a trial court to disregard declarations by a party which contradict his or her own discovery responses (absent a reasonable explanation for the discrepancy), it does not countenance ignoring other credible evidence that contradicts or explains that party's answers or otherwise demonstrates there are genuine issues of factual dispute." (*Scalf,* at pp. 1524-1525.) However, *Scalf* also reiterated the rule that a trial court properly accepts "credible [discovery] admissions [when they are] contradicted only by self-serving declarations of a party." (*Id.* at p. 1521.) "In a nutshell, the rule bars a party

opposing summary judgment from filing a declaration that purports to impeach his or her own prior sworn testimony." (*Id.* at pp. 1521-1522.)

Here, the only evidence offered by Schaffron to contradict her deposition testimony regarding overbilling was her own declaration. Consequently, *Scalf, supra,* 128 Cal.App.4th 1510 supports the trial court's sustaining of the objection to Schaffron's self-serving declaration as an attempt to create a triable issue of material fact. In the absence of a triable issue of fact for the claim of retaliatory firing for refusing to engage in overbilling, the trial court properly granted summary judgment.

## II

### *Whether Schaffron Engaged in the Protected Activity of Patient Advocacy*

In an argument titled, "Admissible Evidence ## 15, 16, 18, & 22," Schaffron argues the trial court should have determined her termination was against public policy because Sutter Medical retaliated against her for her patient advocacy. To this end, Schaffron contends *Khajavi*, *supra*, 84 Cal.App.4th 32 holds healthcare professionals cannot be terminated for their attempts to advocate for medically appropriate healthcare. Thus, Schaffron urges us to conclude the trial court erroneously dismissed her cause of action for wrongful termination. However, Schaffron does not address the second basis for the trial court's dismissal of her wrongful termination cause of action, namely that Schaffron introduced no evidence the termination was in retaliation for her patient advocacy.

On appeal, the trial court's decision is presumed to be correct. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Appellant has the burden to demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) And, issues not raised in an appellant's opening brief are deemed abandoned. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466.)

Here, Schaffron does not address the trial court's finding that she did not introduce any evidence Sutter Medical terminated her for her patient advocacy. Even if she were

7

correct that her advocacy on behalf of the overdosed patient constituted protected activity, we would nonetheless be compelled to affirm because there is a separate, presumptively correct basis for the trial court's dismissal of the wrongful termination cause of action. Accordingly, we reject Schaffron's contention for lack of prejudice because a single valid basis for the trial court's decision suffices to affirm the dismissal of her wrongful termination cause of action. (*Salazar v. Southern Cal. Gas Co.* (1997) 54 Cal.App.4th 1370, 1376; *Waller v. TJD, Inc*. (1993) 12 Cal.App.4th 830, 833.)

## III

### *Whether the Credibility Contest between Schaffron and Her Manager Created Triable Issues of Material Fact*

In an argument titled, "Admissible Evidence # 28," Schaffron appears to contend a credibility contest between a hospital manager and Schaffron requires trial. For this argument, Schaffron does not include a single citation to the appellate record or any legal authority. For lack of citation to the record, we deem her argument to be forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743 (*Miller*) [failure to cite to the record waives the claim of error].) The argument is also forfeited for lack of any citation to legal authority. (*In re S.C., supra*, 138 Cal.App.4th at p. 408; *Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647.)

## IV

### *Whether Sutter Medical Presented Sufficient Evidence to Negate Claims of Defamation and Breach of Contract*

In an argument titled, "Admissible Evidence # 37," Schaffron appears to contend Sutter Medical presented insufficient evidence to negate her claims of defamation and breach of contract. As with the preceding argument, Schaffron includes no citation to the appellate record or any legal authority. We deem the argument to be forfeited. (*Miller, supra*, 101 Cal.App.4th at p. 743; *In re S.C., supra*, 138 Cal.App.4th at p. 408.)

DISPOSITION

The judgment is affirmed.  Sutter Medical Center, Sacramento, shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


            HOCH      , J.


We concur:



      HULL      , Acting P. J.



      DUARTE    , J.