**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM JEFFREY BURNETT; JOE H. CAMP,

        Plaintiffs-Appellants,

    vs.

CONSECO LIFE INSURANCE COMPANY, an Indiana corporation; CNO FINANCIAL GROUP, INC.; CNO SERVICES, LLC,

        Defendants-Appellees.

No. 15-15854

D.C. No. 3:10-md-02124-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted April 17, 2017
San Francisco, California

Before:    D.W. NELSON and IKUTA, Circuit Judges, and SEABRIGHT,[**] Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable J. Michael Seabright, United States Chief District Judge for the District of Hawaii, sitting by designation.

William Jeffrey Burnett and Joe H. Camp (collectively, "Plaintiffs") appeal the district court's dismissal of their breach of contract action alleging that Conseco Life Insurance Company ("Conseco Life") effectively forced Plaintiffs to surrender their whole life insurance policies by improperly raising rates and premiums in breach of the terms of the insurance policies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Harkonen v. U.S. Dep't of Justice*, 800 F.3d 1143, 1148 (9th Cir. 2015). We reverse and remand.

In a diversity case, "the district court must apply the choice-of-law rules of the state in which it sits." *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000). Because the district court here sits in California, we apply California's choice-of-law rules, which require the party "arguing that foreign law governs" to show that it "materially differs from California law." *Frontier Oil Corp. v. RLI Ins. Co.*, 63 Cal. Rptr. 3d 816, 840 (Ct. App. 2007), *as modified* (Ct. App. Sept. 5, 2007). Here, the parties do not argue that a foreign law materially differs from California law, so we apply California common law principles.

In California, "[a]n insurance policy is a contract between an insurer and an insured." *Buss v. Superior Court*, 939 P.2d 766, 773 (Cal. 1997). And "[w]here a contract is terminable at will, liability attaches for breaches occurring prior to the termination of the contract." *Ravel v. Hubbard*, 246 P.2d 88, 91 (Dist. Ct. App.

2

1952); *see also Merrill v. Cont'l Assurance Co.*, 19 Cal. Rptr. 432, 437 (Dist. Ct. App. 1962) (noting the applicability of this "universal rule" in the insurance context). Thus, California generally permits pre-termination breach of contract claims, including claims involving insurance contracts.

Here, the district court dismissed Plaintiffs' pre-termination breach of contract claims, reasoning that because Plaintiffs received cash value upon the termination of their life insurance policies, the claims were no longer "legally cognizable." *Burnett v. Conseco, Inc.*, 87 F. Supp. 3d 1238, 1246 (N.D. Cal. 2015). While the cash value received did terminate Plaintiffs' ability to recover any death benefit under their policies, *Jennings v. Prudential Ins. Co.*, 121 Cal. Rptr. 125, 129 (Ct. App. 1975), Plaintiffs do not seek to recover such benefit. Rather, they seek consequential damages arising from the alleged breach of contract, *see Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 102 P.3d 257, 262 (Cal. 2004) (describing general and consequential damages), which may include, for instance, the difference between the premiums that the insured had been paying and the post-termination premiums he would have to pay for a like amount of insurance. These claims are neither foreclosed by general insurance law nor the surrender agreements themselves.

Indeed, California allows plaintiffs to sue for the replacement cost of life insurance policies. *See Wise v. S. Pac. Co.*, 463 P.2d 426, 431 (Cal. 1970)

3

(holding that a wrongfully terminated employee could recover the replacement cost of lost life insurance and medical plans).

Moreover, the surrender agreements did not waive Plaintiffs' right to sue for breach of contract. Although these agreements specifically include a provision that would have "release[d] and discharge[d] . . . all claims arising directly or indirectly under the polic[ies], whether contractual or extra-contractual," this provision only applies if Conseco Life waived surrender charges. Conseco Life did not waive surrender charges, and as a result, Plaintiffs did not waive their contractual claims.

Conseco Life raises three alternative grounds for affirming the district court's dismissal that it did not raise before the district court. We consider these arguments waived. *Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 974 (9th Cir. 2010) (noting that "[o]ur discretion to affirm on grounds other than those relied on by the district court" is generally extended only to "issues raised in a manner providing the district court an opportunity to rule on it").

**REVERSED and REMANDED.**