Hobish v AXA Equit. Life Ins. Co. (2024 NY Slip Op 01508)

Hobish v AXA Equit. Life Ins. Co.

2024 NY Slip Op 01508

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Friedman, J.P., Kapnick, Gesmer, Mendez, Pitt-Burke, JJ. 

Index No. 650315/17 Appeal No. 314&M-02858 Case No. 2022-04046 

[*1]Richard Hobish, as Trustee of the Hobish Irrevocable Trust et al., Appellants-Respondents,
v
AXA Equitable Life Insurance Company, Respondent-Appellant.

Constantine Cannon LLP, New York (Gary J. Malone of counsel), for appellants-respondents.
Krantz & Berman LLP, New York (Larry H. Krantz of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 15, 2022, which denied plaintiffs' motion for summary judgment on the issue of liability on their breach of contract cause of action, denied defendant's motion for summary judgment dismissing the complaint against it, and granted defendant's motion for summary judgment to the extent of dismissing certain categories of damages sought by plaintiffs, unanimously affirmed, without costs.
The court correctly concluded that the term "a given class," as it appears in this policy, is ambiguous since it is susceptible to two or more reasonable interpretations (see In re AXA Equitable Life Ins. Co. COI Litig., 595 F Supp 3d 196, 219-220 [SD NY 2022]; Brach Family Found., Inc. v AXA Equitable Life Ins. Co., 2016 WL 7351675, *3, 2016 US Dist LEXIS 175158, *7-8 [SD NY, Dec. 19, 2016, No. 16-CV-740 (JMF)]; see generally Brad H. v City of New York, 17 NY3d 180, 186 [2011]). Contrary to plaintiffs' contention, the court was not required to resolve the ambiguity against defendant insurer, as the extrinsic evidence presented in this case was not conclusory (see State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]). Nor does the extrinsic evidence only support one party's proposed interpretation, such that the ambiguity could be resolved by the court as a matter of law.
The court also correctly denied defendant summary judgment dismissing plaintiff's General Business Law § 349 (h) cause of action. Contrary to defendant's contention, even if the decedent did not read the policy herself, issues of fact exist as to whether there was consumer impact in this case (see Hobish v AXA Equit. Life Ins. Co., 2018 NY Slip Op 31531[U] [Sup Ct, NY County 2018], affd 171 AD3d 494 [1st Dept 2019]).
The court properly granted defendant's motion to the extent it sought summary judgment dismissing plaintiffs' claim for compensatory and consequential damages on the breach of contract cause of action in the amount of $1,587,311.99. This amount allegedly represented the value of the death benefit, offset by the surrender payment made to plaintiffs and any charges that would have been deducted during the decedent's life expectancy. Assuming that defendant breached the policy by inequitably raising rates, defendant did not cancel it. Rather, the record establishes that plaintiffs assessed the financial benefits of maintaining the policy with the higher rates, and then under protest chose to exercise the surrender provisions of the policy (see generally Inter-Power of N.Y. v Niagara Mohawk Power Corp., 259 AD2d 932, 934 [3d Dept 1999], lv denied 93 NY2d 812 [1999]). Having been surrendered, the policy was no longer in effect and plaintiffs were no longer entitled to the $2 million death benefit. On this record, we do not further address the issue, raised by defendant, of what damages may still be available for the alleged breach, although we affirm the dismissal of plaintiffs' claim for punitive [*2]damages on the breach of contract cause of action (see In re AXA Equitable, 595 F Supp 3d at 228; Burnett v Conseco Life Ins. Co., 690 Fed Appx 536, 537-538 [9th Cir 2017]). To the extent that plaintiffs' General Business Law § 349(h) cause of action also seeks the value of the death benefit, offset by the surrender payment and charges, the court properly dismissed this category of damages for the same reason.
The court properly dismissed plaintiffs' claim for "restitutionary" damages of $249,354.62 pursuant to General Business Law § 349 (h), which was too speculative to constitute actual damages under the statute (see Michelo v Natl. Collegiate Student Loan Trust 2007-2, 419 F Supp 3d 668, 709 [SD NY 2019]; see also Grow Tunneling Corp., Peter Kiewit Sons' Co. & Morrison-Knudsen Co. v Consolidated Edison Co. of N.Y., 157 AD2d 452, 452 [1st Dept 1990]). In any event, the record in this case establishes that such damages were never realized.
The court also properly dismissed plaintiffs' claim for punitive damages of $12 million on its General Business Law § 349 (h) cause of action. The statute itself provides for an award of actual damages or fifty dollars, although a court may increase an award up to three times, up to one thousand dollars. The statute only provides for these "limited punitive damages" (Karlin v IVF Am., 93 NY2d 282, 291 [1999]; see Guzman v Mel S. Harris and Assoc., LLC, 2018 WL 1665252, *12-14, 2018 US Dist LEXIS 49622, *31-36 [SD NY, Mar. 22, 2018, No. 16 Civ. 3499 (GBD)]; Brown v Government Empls.
Ins. Co., 156 AD3d 1087 [3d Dept 2017]; Bristol Harbour Assoc. v Home Ins. Co., 244 AD2d 885, 885 [4th Dept 1997]; but see Wilner v Allstate Ins. Co., 71 AD3d 155, 167 [2d Dept 2010]).
We have considered the parties' remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on May 25, 2023 is hereby recalled and vacated (see M-2023-02858 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024