**Hobish v AXA Equit. Life Ins. Co.**

2025 NY Slip Op 30729(U)

March 3, 2025

Supreme Court, New York County

Docket Number: Index No. 650315/2017

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

------------------------------------------------------------------------------------X

RICHARD HOBISH AS TRUSTEE OF THE HOBISH
TRUST and TOBY HOBISH,

Plaintiffs,

- v -

AXA EQUITABLE LIFE INSURANCE COMPANY,

Defendant.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650315/2017 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 006 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 276, 277, 278, 283, 284, 287, 289

were read on this motion to/for          STRIKE PLEADINGS          .

Defendant AXA Equitable Life Insurance Company (Equitable) moves for: (1) an order striking plaintiff Richard Hobish's as trustee of the Hobish trust and as the Executor of the Estate of Toby Hobish (Hobish) January 17, 2025 Supplemental Responses and Objections to Equitable's Amended First Set of Interrogatories; and (2) an order confirming that at trial Hobish may only seek nominal damages of $1 on their breach of contract claim and statutory damages of $50 on their General Business Law (GBL) §349 claim.

The jury trial in this matter is scheduled to begin on March 24, 2025.  (NYSCEF Doc. No. [NYSCEF] 256, Order.)  The issue for trial is whether Equitable breached the contract and violated GBL §349 by impermissibly raising the Policy's rates.  (NYSCEF 53, Amended Complaint ¶¶32-44.)  In March 2016, when Toby Hobish was 90 years of

650315/2017   HOBISH, RICHARD AS TRUSTEE vs. AXA EQUITABLE LIFE INSURANCE
Motion No.  006

Page 1 of 7

[* 1]

age,[1] Equitable increased the cost of Hobish's 2007 Athena Universal Life Insurance Policy (Policy). (NYSCEF 137, Stipulated Joint Statement of Undisputed Facts ¶20.) Hobish initiated this action in 2017. On January 17, 2025, following grant of summary judgment in favor of Equitable on damages, affirmed by the Court of Appeals, Hobish withdrew his prior responses to Equitable's interrogatory which requested Hobish's damages and calculations. (NYSCEF 277, Larry H. Krantz[2] January 28, 2025 aff, Hobish's Supplemental Interrogatory Responses at 56/80.)[3] Now, Hobish asserts two new damage theories totaling damages of $917,116.46 which consists of: (1) $501,116.46, the return of all the premiums paid since 2007 calculated by deducting from the amount of premiums paid since 2007 ($913,804.47) Equitable's termination payment to Hobish ($412,688.01), and (2) "$416,000, which represents the additional amounts that Plaintiffs would have had to pay for the life insurance coverage for which they had contracted[4] (discounted to present value as of October 2015), as a result of AXA's wrongful conduct." (*Id.* at 59/80.) Hobish's new damage theories rely on *In re AXA Equitable Life Ins. Co. COI Litig.*, 595 F Supp 3d 196, 229 (SD NY 2022), a class action[5] arising from the same rate increase where the court held that "[o]vercharge

---

[1] Hobish passed away in September 2019. (NYSCEF 137, Stipulated Joint Statement of Undisputed Facts at 6 n 1.) Richard Hobish, as the executor of the Estate of Toby Hobish, was substituted for the deceased. (*See* NYSCEF 95, Order.)

[2] Krantz is Equitable's counsel. (NYSCEF 277, Krantz January 28, 2025 aff ¶1.)

[3] Equitable shall follow the Part 48 Procedures and file exhibits separately with meaningful labels. Should Equitable fail to follow this procedure again, the court will disregard the affidavit and exhibits.

[4] Equitable asserts that the interrogatory is unclear as to whether Hobish is comparing a hypothetical replacement policy to the difference between the cost of insurance (COI) charges that would have been paid had Hobish obtained such a replacement policy, which Hobish did not do.

[5] Hobish allegedly opted out of the class. (NYSCEF 278, Equitable's MOL at 9.)

[* 2]

damages . . . are equal to the actual COI charge deducted on [a given] date less the COI charge that would have been imposed on that date but for the 2016 COI rate increase ('but-for COI charge')," and defendants' expert Professor Glenn Hubbard. (Sept. 13, 2019 Glenn Hubbard Report at 7, 32-33.[6])  Hobish also seeks prejudgment interest calculated from October 5, 2015, the date of Equitable's notice of rate increase, and reasonable attorney's fees.[7]  (NYSCEF 137, Stipulated Joint Statement of Undisputed Facts ¶17.)

Hobish explains that the Supplemental Interrogatory Responses were submitted under CPLR 3101(h) because the Court of Appeals "clarified the law on damages." (NYSCEF 289, Hobish's MOL at 2.)  This court rejects Hobish's assertion that the Court of Appeals decision is a new fact.  However, the court agrees that the Court of Appeals invited Hobish to assert any remaining actual, consequential or compensatory damages available for breach of contract or restitutionary damages available for breach of GBL §349.  Accordingly, the court addresses Hobish's two new theories and rejects them in part.

On summary judgment, this court rejected Hobish's prior damage theory:

"The Trust's claim for damages fails as a matter of law.  As a preliminary matter, the parties conceded that all insurance coverage under the Policy ended as of the date of the Policy surrender in July 2016.  The Trust maintains that it . . . is entitled to compensatory . . . damages of at least $1,587,311.99 [representing the $2 million death benefit minus the surrender payment]. . . . Such damages, however, do not relate to any actual harm that resulted from AXA's alleged breach.  Instead, the record shows that the Trust's beneficiaries ran financial calculations when considering whether to 'Keep the Policy and Pay the [] Premium' or 'Surrender the Policy and Invest the Funds,' and voluntarily decided

---

[6] Although Hobish quotes from the Hubbard report, the report does not appear to have been filed on the docket.

[7] Parties fail to address whether Hobish would be entitled to attorneys' fees if nominal damages are awarded.

650315/2017   HOBISH, RICHARD AS TRUSTEE vs. AXA EQUITABLE LIFE INSURANCE
Motion No.  006

Page 3 of 7

[* 3]

to surrender the Policy and forgo the insurance coverage and the $2 million Death Benefit. . . . [T]he record does not support the proposition that AXA wrongfully cancelled the Policy. Instead, the record shows that the Trust voluntarily surrendered it." (NYSCEF 243, July 15, 2022 Decision and Order at 14-16 [citations omitted] [mot. seq. nos. 003, 004]; *Richard Hobish as Trustee of the Hobish Trust v AXA Equitable Life Ins. Co.*, 2022 NY Slip Op 32321[U], *14-16 [NY Sup Ct, New York County 2022], *affd* 225 AD3d 487 [1st Dept 2024], *affd* 2025 NY Slip Op 00183 [2025].)

This court also rejected Hobish's claim for restitution damages:

"Plaintiffs' claim for restitutionary damages fails as a matter of law. Plaintiffs state that they expect the evidence to show that they are entitled to restitutionary damages of $253,295.38 representing the amount of the Policy Account in November 2015 ($502,640) offset by the amount that would have been withdrawn from the Policy Account during the four years of Ms. Hobish's life expectancy to November 2019 ($249,354.62)" (*id.* at *17)

and punitive damages under GBL §349. (*Id.* at *18-19.)

The Appellate Division affirmed and stated that it would not address what damages may be available, an issue raised by Equitable. (*Hobish as Trustee of Hobish Irrevocable Trust*, 225 AD3d at 488.) It rejected Hobish's claims for compensatory and consequential damages of $1.6 million and restitutionary damages of $249,354.62. (*Id.* at 488-89.)

On January 14, 2025, the Court of Appeals affirmed and specifically delineated the requirements for Hobish to seek the damages they now seek:

"Upon defendant's alleged breach, plaintiffs did not terminate the insurance policy. Rather, they enforced it by opting to receive a defined contractual benefit— the surrender payment—and terminate the policy's coverage. And they did so deliberately, after extensive financial deliberations with various family members . . . . Notably, the decision to take the surrender value allowed for the family to access otherwise unavailable funds that would not have reverted to the Trust upon Ms. Hobish's death. Had plaintiffs wanted to keep the policy in force and obtain the death benefit, they could have refused to pay any further premiums and allowed for COI charges to be deducted from the amount remaining in the account, or sued defendant for injunctive relief to prevent the draining of the policy account and subsequent acceleration of the COI charges under the new COI Rate Scale . . . . They did not pursue these options."

650315/2017   HOBISH, RICHARD AS TRUSTEE vs. AXA EQUITABLE LIFE INSURANCE
Motion No. 006

Page 4 of 7

(*Richard Hobish as Trustee of the Hobish Trust*, 2025 NY Slip Op 00183, *3 [citations omitted].)

The Court of Appeals rejected Hobish's claim for actual damages of $1.6 million for breach of contract because Hobish did not follow the requirements above. (*Id.*) The Court also rejected Hobish's claim for $1.6 million under GBL §349 as actual, compensatory, and consequential damages. (*Id.* at *4.) The Court agreed with the Appellate Division that "restitutionary damages may be available on their section 349 cause of action," but the record before the court did not support the claim. (*Id.* at *2.) Finally, the Court rejected punitive damages under GBL §349 because the statute's "layered damages" of "actual damages or fifty dollars, whichever is greater, discretionary treble damages up to a cap of $1,000; and attorneys' fees" do not mention punitive damages. (*Id.* at *4.)

Equitable argues that Hobish's two new damages theories are wrong. First, Equitable insists that a refund of $501,116.46 for all premiums paid under the Policy since 2007 to July 2016, when Hobish surrendered the Policy, is not available because there was no alleged breach during that time and the Policy was in effect. The court agrees. Indeed, Equitable's alleged breach would not have occurred until Equitable notified Hobish of the rate hike in October 2015.

Second, Equitable attacks Hobish's damages for $416,000 representing COI charges that plaintiffs would have paid had they not surrendered the Policy in July 2016 or the cost of replacement insurance as speculative and thus impermissible. The court agrees based on the Court of Appeals decision. Hobish failed to follow the proper procedure to recover the cost of replacement insurance since Hobish failed to purchase such replacement insurance; it terminated the Policy and collected $412,688.01 instead.

650315/2017   HOBISH, RICHARD AS TRUSTEE vs. AXA EQUITABLE LIFE INSURANCE
Motion No.  006

Page 5 of 7

5 of 7

To the extent that Hobish seeks the difference between what it would have paid and should have paid for the life of the Policy,[8] the court agrees that Hobish cannot recover damages for amounts he did not pay because he terminated the Policy. Hobish's reliance on Hubbard's analysis is misplaced since Hubbard "exclude[]s losses caused by [Hobish's] decision to exercise their contractual rights voluntarily surrender the Hobish Policy." (NYSCEF 289, Hobish's MOL at 13, quoting Hubbard Report.) However, a subset of this theory is "overcharge damages," the inflated amount that Hobish briefly paid until he terminated the Policy and collected the surrender value under to the Policy. Equitable asserts the amount of overcharge damages is approximately $14,000. (NYSCEF 278, Equitable' s MOL at 10.) Equitable concedes that this damages theory is not foreclosed by prior decisions. Therefore, Hobish's supplemental interrogatory is struck except as to overcharge damages.

Therefore, Hobish's damages at trial, if any, will be limited to overcharge damages for breach of contract and the statutory limit of $200 ($50 plus treble damages) under GBL §349.

Accordingly, it is

ORDERED that defendant AXA Equitable Life Insurance Company's motion is granted in part to the extent that the supplemental interrogatory is struck in part and

---

[8] The court rejects Hobish's reliance on *Burnett v Conseco Life Insurance Company*, 690 Fed Appx 536, 537 (9th Cir 2017) where the court applied California law which appears to be different than New York. "California generally permits pre-termination breach of contract claims" even after plaintiff accepted the termination value under the contract. (*Id.* at 537; *cf. Richard Hobish as Trustee of the Hobish Trust*, 2025 NY Slip Op 00183.)

**650315/2017   HOBISH, RICHARD AS TRUSTEE vs. AXA EQUITABLE LIFE INSURANCE**                    **Page 6 of 7**
**Motion No.  006**

[* 6]

damages, if any, will be limited to overcharge damages and $200 under GBL §349; and it is further

ORDERED that the parties shall appear for a remote pre-trial conference at 2:30 p.m. on March 7, 2025 to review the verdict sheet and jury charges.

| 3/3/2025 | | ANDREA MASLEY, J.S.C. |
|---|---|---|
| **DATE** | | |

**CHECK ONE:** | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION |

| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |

**APPLICATION:** | | SETTLE ORDER | | | | SUBMIT ORDER |

**CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650315/2017   HOBISH, RICHARD AS TRUSTEE vs. AXA EQUITABLE LIFE INSURANCE**
**Motion No.  006**

Page 7 of 7

7 of 7

[* 7]